IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE UNITED STATES ex rel. FREEDOM UNLIMITED, INC.; NORTHSIDE COALITION FOR FAIR HOUSING, INC.; THE HILL DISTRICT CONSENSUS GROUP, INC., and the FAIR HOUSING PARTNERSHIP OF GREATER PITTSBURGH,<br><br>          Plaintiffs,<br><br>          v.<br><br>THE CITY OF PITTSBURGH, PENNSYLVANIA<br><br>          Defendant. | Civil Action No.  2:12-cv-01600<br><br>Judge Mark R. Hornak<br><br>Magistrate Judge Lisa Pupo Lenihan<br><br>ECF No. 105 |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DIMISS**

For the reasons set forth below, it is respectfully recommended that the subject Motion be denied without prejudice.  Consideration of Defendant's Motion would not comport with the explicit direction for proceedings on remand issued in the Judgment and Opinion of the Court of Appeals for the Third Circuit.  *See* ECF No. 94, 94-1, 94-2 (March 28, 2018 Judgment, Correspondence and Opinion, respectively); *United States ex rel. Freedom Unlimited v. City of Pittsburgh*, 728 F.App'x 101 (3d Cir. 2018).

Currently pending before this Court is the Motion to Dismiss (ECF No. 105) filed by Defendant the City of Pittsburgh ("City" or "Defendant").[1]  The Motion requests that the

---

[1] As noted by the Court of Appeals, Plaintiffs "did not oppose dismissal of their claims against Luke Ravenstahl, the former mayor of Pittsburgh." ECF No. 94-2 at 3.

claims filed against Defendant by Plaintiff's Amended Complaint of May 22, 2014 (ECF No. 34), be dismissed in their entirety pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim under the "materiality" standard announced in *Universal Health Services, Inc. v. United States ex rel. Escobar*, 136 S.Ct. 1989 (2016) ("*Escobar*"). See ECF No. 105; *see also* Defendant's Reply to Relators' Response to Motion to Dismiss and the Government's Statement of Interest ("Defendant's Reply"), ECF No. 122, at 9.[2] Plaintiff Relators ("Plaintiffs") have filed a Response thereto (ECF No. 116), the United States has filed a Statement of Interest (ECF No. 114) , and as noted Defendant has filed its Reply (ECF No. 122). Thus, the motion is ripe for disposition.

As summarized by the Court of Appeals, Plaintiffs "brought this action alleging on behalf of the United States that since at least 2006, the City annually has submitted 'false certifications . . . of its compliance with [required] conditions' to the United States Department of Housing and Urban Development ('HUD') to secure funding from two of HUD's community development grant programs . . . ." ECF No. 94-2 at 3-4. More particularly, the Amended Complaint alleges that the City violated the False Claims Act, 31 U.S.C. § 3729 (the "FCA"). The FCA makes it unlawful knowingly to submit a fraudulent claim to the government. Plaintiffs' false certification claims include Defendant's certifications with respect to fair housing analysis and redress, public/citizen participation, and limitation of use of grant funds to their authorized purposes. *See id.* at 4-6; *id.* at 6 (noting Plaintiffs' allegations that the City spent grant funds on expenses disallowed by applicable federal regulations).

---

[2] The Court permitted filing of this Motion on Defendant's request at the first Status Conference following remand. See ECF No. 103  (Minute Entry of June 22, 2018) ["The Court will allow Defendants to file a second Motion to Dismiss."].

The case was initially dismissed by this District Court's Opinion and Order of March 31, 2018 (ECF No. 71, 72) (the "Opinion"), as subject to "the FCA's public disclosure bar because the City publicly disclosed the 'allegations or transactions' underlying those claims." ECF No. 94-2 at 6 (citing 31 U.S.C. § 3730(e)(4)); *id.* ("The FCA includes this public disclosure bar because a relator should not be able to profit from a *qui tam* case that it predicates on information developed by other parties."). The Opinion further held that, even if the City had committed all three categories of allegedly false certifications, no cause of action would attach under the FCA, because such certifications addressed conditions of program participation rather than payment, and only the latter could support recovery. *See id.* at 6 (noting the District Court's reliance on *United States ex rel. Wilkins v. Universal Health Group, Inc.*, 659 F.3d 295 (3d Cir. 2011)). Less than three months later, *Escobar* "rejected the distinction between conditions" of participation in a federal program and payment "in a determination of FCA liability" and established a "materiality" standard: whether "compliance or non-compliance with a condition, whether of participation or payment, would have been material to the government's decision to make payment to the defendant." *Id.* at 7.[3]

On appeal, the Third Circuit rejected and vacated dismissal and "remand[ed] the case to the District Court to reconsider the public disclosure bar and, if the case survives that review, to apply the newly adopted *Escobar* materiality standard." *Id.* at 7-8. It went

---

[3] *See also id.* at 12 (explaining that *Escobar* clarified that the requirements with which a defendant failed to comply need not have been "express 'conditions of payment' to trigger FCA liability"); *id.* at 10 ("*Escobar* instructed courts making a materiality inquiry to ascertain whether the matter at issue was capable of influencing the government's payment decision") (citing 136 S.Ct. at 2002).

3

on to observe that "[t]he questions of whether there has been a 'public disclosure' within the meaning of the FCA and whether a realtor qualifies as an 'original source' . . . are matters of fact." *Id.* at 8.  The Court of Appeals noted Plaintiffs' assertions of "independent material knowledge" and direction observations of, *e.g.*, certifications that were belied by the City's actions or inactions.  And it concluded that it "must remand the case so that the Court can reconsider whether the public disclosure bar precludes this action and, if not, to decide the other issues.  On the remand, the Court should consider the matter either on a summary judgment proceeding or on a plenary basis." *Id.*  at 9.  *See also id.* at 13 (directing the District Court's materiality inquiry to "the factors set forth in *Escobar*", "*if* the case survives the public disclosure hurdle on remand"). [4]

The Judgment of the Court of Appeals directs that "[i]n particular, the Court [on remand] should consider the public disclosure issue on a full record on a summary judgment proceeding or, if necessary, on a plenary basis, and *if the case reaches that point*, reconsider the materiality issue on the *Escobar* standard." ECF No. 94 at 2 (emphasis added).[5]

---

[4] *Compare* ECF No. 106 at 3 n. 1 (asserting that "[t]he Third Circuit's instructions on remand, and this Court's June 22, 2018 Order, have separated and tabled the public disclosure issue for now."); *id.* at n. 2 ["[I]f Relators somehow surpass the materiality threshold . . ., the City is fully prepared to seek dismissal under the public disclosure bar; no further discovery is needed.").

[5] The Court of Appeals noted Plaintiffs' factual allegations of false certifications that may be material to the purpose of the grant programs and to federal payments made under them. Nevertheless, it declined to address the District Court's second ground for dismissal or the Government's request for clarification of the post-*Escobar* standard.  *See* Brief for United States as *Amicus Curiae*, 3d Cir. ECF No. 003112697656.  Its holding, directing this Court to consider questions of fact that may resolve the claims prior to reaching unsettled questions of law, is both binding on this Court and consonant with prudential principles.

Following careful consideration of the Opinion and Judgment on appeal, together with the pleadings presently before the Court, the Report therefore respectfully recommends that, in accordance with the law of the case,[6] Defendant's Motion to Dismiss be denied without prejudice.

It further recommends that, the parties having been permitted to conduct written discovery on the issue of public disclosure approximately seven months ago,[7] discovery be concluded, with both parties' full cooperation, within forty-five (45) days of the date of an Order on this Report and Recommendation, and that a party then deeming a Motion for Summary Judgment warranted file its motion—on public disclosure or public disclosure and materiality—within an additional thirty (30) days.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  February 5, 2019                                                                    BY THE COURT:

_____
LISA PUPO LENIHAN
United States Magistrate Judge

Cc:  All counsel of record

---

[6] Fed. Practice & Procedure §4478 (noting trial court's duty to adhere to the mandate of an appellate court).

[7] ECF No. 103 ("The parties may begin written discovery on the issue of public disclosure.").